FILED UNDER SEAL

FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

2025 JAN 21  P 3: 33

| |
|---|
| XIONG LI,<br><br>　　　　Plaintiff,<br><br>v.<br><br><br>THE UNINCORPORATED ASSOCIATIONS<br>IDENTIFIED IN SCHEDULE A,<br><br>　　　　Defendants. |

Civil Action No. 3:25-CV-47

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE
UNDER SEAL DOCUMENTS FOR GOOD CAUSE**

Xiong Li ("Plaintiff") brings this case against The Unincorporated Associations Identified in Schedule A (collectively, "Defendants) for their unlawful conduct in promoting, advertising, distributing, having manufactured, importing, offering for sale, and selling Plaintiff's patented product, an automatic animal door, through online commerce platform Amazon.com. Defendant's Accused Products infringe at least one claim of United States Patent No. 12,082,559 B1 (the "Patent-in-Suit") owned by Plaintiff, throughout the United States including Virginia and this Judicial District.

1

FILED UNDER SEAL

Pursuant to Local Civil Rule 5, Xiong Li by counsel, hereby moves for leave to file the following documents under seal: (1) Verified Complaint Cover Page which discloses Plaintiff's name, (2) Verified Complaint, which discloses Plaintiff's name and account names used by Defendants; (3) Schedule A to the Complaint, which includes a list of Amazon.com account names and identification numbers used by Defendants; (4) Exhibits B-G to the Complaint that name and lists example Defendants; (5) this Motion for Leave to Seal and supporting Memorandum and declaration which includes Plaintiff's name in the title and details of how Defendants monitor and subvert lawsuits, (6) Plaintiff's *Ex Parte* Motion and Memorandum in Support for Entry of a Temporary Restraining Order and Asset Restraining Order (7) Plaintiff's Motion to Limited Expedited Discovery and Order, and (8) Plaintiff's Motion for Service of Process by E-mail and Order, and (9) all accompanying case initiation filings.

Good cause exists for the sealing this portion of the docket to prevent Defendants from learning of these proceedings prior to the execution of the temporary restraining order by Amazon.com. In its decision to grant Plaintiff's motion, Plaintiff asks this Court to consider the following:

a. Defendants' control of their pseudo-anonymous online commerce webstores and seller identifiers set forth in Schedule A to the Complaint associated with the Online Marketplaces.

b. Defendants' ability to: change the ownership of or modify the date and content of their online webstores; change payment accounts; redirect consumer traffic to other seller identification names; and transfer assets and ownership of the seller identifiers.

    c. Defendants can make such modifications/transfers in a short period of time and, upon information and belief, will do so immediately after receiving notification of this action.

    d. Defendants can easily transfer and/or hid the funds and assets sought to be restrained through electronic means, can do so promptly after receiving notice of the relief sought through Plaintiff's Complaint and associated ex parte filings, and will thereby alter the status quo and reduce or eliminate the Court's ability to grant meaningful relief to Plaintiff.

    e. In view of the foregoing and Defendants' unlawful conduct as set forth in the Complaint, Plaintiff believes that Defendants will transfer and/or hide their assets rather than maintain them for discovery or recovery.

*See Thousand Oaks Barrel Co LLC v. The Partnerships*, etc., Civ. Action No. 1:23-cv-1563 (E.D. Va. Nov. 16, 2023).[1]

The Court may seal documents if it (1) provides public notice of the request to seal and allows a reasonable opportunity to object, (2) considers less drastic alternative measures, and (3) provides specific reasons and findings for its decision to seal the documents and for rejecting alternative options. *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000). By this motion, the public is provided notice of the request to seal and an opportunity to object to the request. Plaintiff only seeks to seal the above-identified documents temporarily. No less drastic alternative

---

[1] In this case DNL Zito attorney, Mr. Ken Sheets, found that a number of Amazon seller accounts who had sold over $100,000.00 of goods had removed nearly all monies made through the course of infringement within the three and a half weeks between the date of filing the complaint and executed seizure of accounts.

3

is available to prevent Defendants from learning of this suit and transferring their assets away from Amazon.com and out of the Court's reach before they can be restrained.

In determining whether to seal a document, courts also look to whether "competing interests outweigh the interest in access." U.S. *ex rel Carter v. Halliburton Co.*, No. 1:10CV864 JCC/TCB, 2011 WL2077799, at *1 (E.D. Va. May 24, 2011). Courts frequently seal documents in trademark counterfeiting and infringement cases to preclude the defendant from learning of the case until its assets can be restrained or seized. *See, e.g., Chanel, Inc. v. Bestbuyhandbag.com*, No, 14-62191-CIV, 2014 WL 7185382, at *4 (S.D. Fla. Dec. 16, 2014) (court filed TRO under seal and directed PayPal to restrain defendant's funds); *Klipsch Grp., Inc. v. Big Box Store Ltd.*, No. 12 CIV. 6283 AJN, 2012 WL S265121, at *1 (S.D.N.Y. Oct. 24,2012) (Court "granted Plaintiffs request to file the Complaint under seal... so that Plaintiff could obtain certain ex parte remedies as provided by the Lanham Act without providing the defendants, alleged to be counterfeiters, with an opportunity to destroy any infringing goods or abscond with any ill-gotten profits"); *Lorillard Tobacco Co. v. Amana Oil, Inc.*, No. 10-13296, 2011 WL 2669466, at *2 (E.D. Mich. July 7, 2011) (court temporarily sealed documents related to ex parte seizure of counterfeit cigarettes); *Sony Computer Entm't Am., Inc. v. Gamemasters*, 87 F. Supp. 2d 976, 978 (N.D. Cal. 1999) (court sealed motion papers related to request for TRO and seizure of counterfeit goods); *Universal City Studios, Inc. v. Ahmed*, No. CIV. A. 93-3266, 1993 WL 429099, at *1 (E.D. Pa. Oct. 20, 1993) (explaining that case file was sealed "to preserve secrecy while the plaintiffs recovered the counterfeit" goods).

Plaintiff has a strong interest in preventing Defendants from discovering the existence of the suit. If the documents identified above are not redacted or filed under seal, Defendants will receive notice that their assets are at risk and will have an incentive to move them beyond the

jurisdiction of this and other U.S. courts before they can be restrained.[2] Plaintiff will suffer irreparable harm if Defendants are able to transfer their assets in this manner. Accordingly, Plaintiff has a strong interest in temporarily sealing the above referenced documents, and this interest substantially outweighs the general interest in access to court records.

Accordingly, Plaintiff respectfully requests that the Court initiate this case under seal, and for leave to temporarily file under seal and/or file redacted versions of the following documents: (1) Verified Complaint Cover Page which discloses Plaintiff's name, (2) Verified Complaint, which discloses Plaintiff's name and account names used by Defendants; (3) Schedule A to the Complaint, which includes a list of Amazon.com account names and identification numbers used by Defendants; (4) Exhibits B-G to the Complaint that name and lists example Defendants; (5) this Motion for Leave to Seal and supporting Memorandum and declaration which includes Plaintiff's name in the title and details of how Defendants monitor and subvert lawsuits, (6) Plaintiff's *Ex Parte* Motion and Memorandum in Support for Entry of a Temporary Restraining Order and Asset Restraining Order (7) Plaintiff's Motion to Limited Expedited Discovery and Order, and (8) Plaintiff's Motion for Service of Process by E-mail and Order, and (9) all accompanying case initiation filings.

---

[2] Plaintiff believes that at least half of Defendants are Chinese companies or individuals with overseas bank accounts not subject to this Court's jurisdiction. *See generally* Verified Complaint.

FILED UNDER SEAL

Date: January 21, 2025                              Respectfully submitted,

    /s/   Erik N. Lund
Erik N. Lund (VSB No. 95877)
elund@dnlzito.com
Tel: 703-261-9084
Joseph J. Zito (*pro hac pending*)
jzito@dnlzito.com
Tel. (202) 466-3500
DNL ZITO
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Fax: (703) 997-7534

*Attorneys for Plaintiff*

6