FILED UNDER SEAL

FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION          2025 JAN 21  P 3: 35

---

**XIONG LI,**

  **Plaintiff,**

v.

**THE UNINCORPORATED ASSOCIATIONS
IDENTIFIED IN SCHEDULE A,**

  **Defendants.**

Civil Action No. ~~1:24-CV-~~_____

3:25-cv-47-DJN

---

## VERIFIED COMPLAINT

Plaintiff Xiong Li ("Xiong Li"), by its undersigned counsel, alleges as follows for its

Complaint against Defendants in Schedule "A."

### NATURE OF THIS ACTION

1.      Xiong Li brings this action against Defendants pursuant to 35 U.S.C §101 et. seq.

and §§271, 281, 283, 284, & 285 inclusive, for infringement of one or more claims of U.S. Patent

No. 12,082,559 B1 ("the '559 Patent") titled "Automatic Animal Door" ("the Patent-in-Suit"). The

Patent-in-Suit protects an automatic animal door that utilizes a superior, reliable and robust driving

mechanism that liberates an animal door user from having to open and close an animal door

manually. A true and correct copy of the Patent-in-Suit is attached as Exhibit A.

### THE PARTIES

2.      Plaintiff is resident of the P.R. China and maintains a principal place of business at

FILED UNDER SEAL

No. 7, Group 6, Zhouhu Village, Shahu Town, Xiantao, P.R.China

3.      Plaintiff is the sole inventor and owner of the Patent-in-Suit with the right to enforce their claims.

4.      Defendants identified in Schedule "A" are all believed to be individuals, companies, and unincorporated business associations who, upon information and belief, reside in foreign jurisdictions. Defendants sell Accused Products on Amazon.com internet retail platform. Since Amazon.com does not require the true names and contact information of sellers to be posted publicly, and sellers may publicly use fictitious names, the public seller names used on online retail stores are unreliable. The true names, identities, and addresses of Defendants are currently unknown.

5.      Defendants conduct their operations through fully interactive commercial websites hosted on various Amazon.com storefront webpages ("Infringing Webstores"). Each Defendant targets consumers in the United States, including the State of Virginia, and has offered to sell and, on information and belief, has sold and continues to sell products ("Accused Products") that practice the claims of the Patents-in-Suit, to consumers within the United States, including the State of Virginia and Eastern District of Virginia. For example, the Accused Products may be purchased by Virginia residents using the Amazon "Prime" online order system and delivered by an Amazon Prime Delivery vehicle in this District.

6.      Defendants from outside the United States have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

7.      Through their operation of the Infringing Webstores, Defendants are directly and personally engaged in the importation, offer for sale, and sale of Accused Products as alleged, oftentimes as partners and/or suppliers. On information and belief, Defendants may intentionally

FILED UNDER SEAL

or otherwise conceal their identities and the full scope of their infringing operations, in an effort

to deter Plaintiff from learning Defendants' true identities and the exact interworking of

Defendants' infringing acts.

## JURISDICTION AND VENUE

8.      This is an action for patent infringement arising under the laws of the United States,

35 U.S.C. §271 et seq.

9.      This Court has subject matter jurisdiction over this action pursuant to 35 U.S.C.

§§271, 281 and 28 U.S.C. §§1331 and 1338(a), federal question.

10.      This Court has Personal jurisdiction over non-U.S. based Defendants because they

have supplied their products into this District and under the Federal Long Arm Rule, FRCP 4(k)(2).

> (k)Territorial Limits of Effective Service (2) Federal Claim Outside State-Court
> Jurisdiction. For a claim that arises under federal law, serving a summons or filing
> a waiver of service establishes personal jurisdiction over a defendant if:
> (A) the defendant is not subject to jurisdiction in any state's courts of general
> jurisdiction; and
> (B) exercising jurisdiction is consistent with the United States Constitution and
> laws.

11.      Venue is proper in this Court against non-U.S. based Defendants under 28 U.S.C.

§ 1391 (c)(3) and 28 U.S.C. § 1400(b) based on information set forth herein, which is hereby

repeated and incorporated by reference. For purposes of venue regarding cases against foreign

corporations, general federal statutes are applicable. This Court is a proper venue for a case against

non-U.S. based Defendants in any judicial district in any state to which it is subject to personal

jurisdiction.

12.      This Court has personal jurisdiction over Defendants and venue is proper pursuant

to Va. Code Ann. § 8.01-328.1 (1950). Personal jurisdiction exists over Defendants because

Defendants have minimum contacts with this forum as a result of business regularly conducted

FILED UNDER SEAL

within the Commonwealth of Virginia and within this district, and, on information and belief, specifically as a result of, at least, committing the tort of patent infringement within Virginia and this District. This Court has personal jurisdiction over Defendants, in part, because Defendants do continuous and systematic business in this District, including by providing Accused Products and services to the residents of the Eastern District of Virginia through fully interactive websites that allow Accused Products to be purchased by Virginia residents and shipped to addresses in Virginia. Defendants knew the Accused Products would be used within this District, and have solicited business from the residents of the Eastern District of Virginia using the Amazon.com e-commerce platforms.

## BACKGROUND AND GENERAL ALLEGATIONS

13.    Plaintiff is the owner of the Patent-in-Suit and sells automatic animal doors on online platforms to U.S. customers. Plaintiff is the inventor of the novel automatic animal doors claimed in the Patent-in-Suit. Plaintiff has licensed out the automatic animal doors for sale under the brand Tiflev since February 8, 2023. Plaintiff has experienced substantial sales and growth due to the innovative and unique design of the automatic animal door covered by the Patent-in-Suit.

14.    Specifically related to this action, Plaintiff's Patent-in-Suit protects a solar powered automatic chicken coop door with timer & light sensors. The automatic chicken coop door is a door that liberates the user from having to manually open and close the chicken coop door by hand and allows the user to perform the same function from various locations. Plaintiff directly sells, domestically and internationally, including within the Eastern District of Virginia ("Plaintiffs Products"), "Automatic Chicken Coop Door" that are commercial embodiments made under the Patent-in-Suit. As a result of the success of Plaintiff's Products, Defendants have flooded the online market with sales of copies of Plaintiff's unique patented product the "Accused Products"

FILED UNDER SEAL

in violation of Plaintiff's intellectual property rights and have irreparably damaged, and are continuing to irreparably damage, Plaintiff. Plaintiff has not Authorized or licensed any party in the marketplace or named in this action to import, offer to sell, or sell products made according to the claims of the Patent-in-Suit.

15.     Plaintiff maintains quality control standards for all of its products sold under the Patent-in-Suit. Genuine Plaintiff's Products are sold directly by Plaintiff through its store to consumers through online sales platforms such as Amazon.com. Prior to the flood of Accused Products entering the market, sales of Plaintiff's Products via legitimate webstores represented a significant portion of Plaintiff's business.

16.     Upon information and belief, many of the Accused Products are manufactured by factories based in China and sold wholesale either directly or through China-based e-commerce Internet Webstores. For example, sellers on Amazon.com purchase Accused Products in bulk from the factor or the Chinese e-commerce sites to sell on Infringing Webstores.

**THE PATENT**

17.     On September 10, 2024, United States Patent No. 12,082,559 entitled "Automatic Animal Door" was duly and legally issued by the USPTO. The '559 Patent claims patent-eligible subject matter and is valid and enforceable. Plaintiff is the exclusive owner of the '559 Patent by assignment and has the right to bring this suit for injunction and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '559 Patent. Defendants are not licensed to the '559 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '559 Patent whatsoever. A true and correct copy of the '559 Patent is attached hereto as **Exhibit A**.

18.     The '559 Patent is presumed valid under 35 U.S.C. § 282.

FILED UNDER SEAL

19.    The claims of the '559 Patent are directed to the broad technical field of animal enclosures and habitat control, and in particular to an automatic animal door. The '559 Patent contains eighteen claims, where claim 1 is the sole independent claim. Claim 1 of the '559 Patent recites:

**1.** An automatic animal door, comprising:
a first door column as a monolithic construction,
a second door column as a monolithic construction,
a top plate
a door plate, and
a driving mechanism;
wherein the first door column defines a first groove extending along a length direction thereof; the second door column is opposite to the first door column and is spaced apart from the first door column; the second door column defines a second groove extending along a length direction thereof; the first groove is opposite to the second groove;
where in the top plate is connected with a top end of the first door column and a top end the second door column; the top plate, the first door column, and the second door column are connected which define an entrance;
wherein the door plate is disposed between the first door column and the second door column; a first side of the door plate facing the first door column is clamped in the first groove; a second side of the door plate facing the second door column is clamped in the second groove; the door plate is moveable along the first groove and the second groove;
wherein the driving mechanism is disposed on the top plate; the driving mechanism is connected with the door plate to drive the door plate to move along the first groove and second groove;
wherein the first door column defines a first opening communicated with the first groove; the first opening is defined on the top end of the first door column; the second door column defines a second opening communicating with the second groove; the second opening is defined on the top end of the second door column;
wherein the top plate comprises a base plate portion, a first limiting portion, and a second limiting portion integrally formed; the base plate portion and the door plate are sequentially disposed in a thickness direction of the automatic animal door; the first limiting portion is disposed on the top end of the first door column, the first limiting portion blocks a portion of the first opening; the first limiting portion prevents the first protruding portion from separating from the first groove; the second limiting portion is disposed on the top end of the second door column; the second limiting portion prevents the second protruding portion from separating from the second groove.

**INFRINGEMENT**

6

FILED UNDER SEAL

20.    Defendants manufacture, import, offer to sell, and sell various automatic animal doors. These devices are sold on Amazon.com platforms and other Internet platforms using Infringing Webstores. (See Schedule A, **Exhibit B** to the Complaint)

21.    Defendants have, under 35 U.S.C. §271(a), directly infringed, and continue to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the Patent-in-Suit by making, using, testing, selling, offering for sale and/or importing into the United States the Accused Products.

22.    Defendants also indirectly infringe the Patents-in-Suit by actively inducing the direct infringement by third parties under 35 U.S.C. §271(b). Defendants have knowingly and intentionally actively aided, abetted and induced others to directly infringe at least one claim of the Patents-in-Suit, including their customers throughout the United States. Defendants continue to induce infringement of the Patent-in-Suit.

23.    Plaintiff has conducted a detailed analysis, establishing and confirming that Defendants' Accused Products directly infringe claims of the Patent-in-Suit. The Accused Products are all automatic animal doors. Figure 4 of the '559 Patent illustrates an embodiment of the automatic animal door with the driving mechanism.

FILED UNDER SEAL



FIG. 4

24.     Figure 5 of the '559 Patent illustrates the top plate of the automatic animal door which is connected to the driving mechanism to drive the doorplate along the first groove and second groove.



FIG. 5

8

FILED UNDER SEAL

25.     Each Accused Product is an automatic animal door that includes all of the claimed elements of at least one claim of the Patent-in-Suit.

26.     **Exhibits B-C** includes a list of Defendants and Accused Products that infringe the Patent-in-Suit. Exemplary claim charts and examples that demonstrate the correspondence of the Accused Products with elements of exemplary claims of representative Patent-in-Suit are attached a **Exhibits D - G**. The Charts are submitted as examples of each of the automatic animal doors of Defendants that all include similar claimed components, and Plaintiff reserves the right to modify the charts as part of Plaintiff's infringement contentions.

27.     Defendants and their customers have continued infringement.

28.     Plaintiff is the exclusive licensee of the Patent-in-Suit with the right to enforce the Patent-in-Suit.

29.     Defendants have infringed, and continue to infringe, at least one or more claims of the Patent-in-Suit under 35 U.S.C. § 271(a) and/or (b), by (a) making, using, offering to sell, selling and/or importing into the United States, devices , that infringe the asserted claims in the United States, or (b) by inducing others to use the Accused Products and/or sell the Accused Products in the United States. Defendants continue to manufacture, use, offer to sell, sell and import Accused Products. The Accused Products are also being used to infringe. Defendants continue to sell Accused Products inducing infringement by others and also continue to perform infringing activity by using the claimed devices in the United States.

30.     The Accused Products are infringing devices and thus directly infringe on the Patent-in-Suit. The Accused Products include various automatic animal doors that function in the same way and thus directly, and indirectly by inducement, infringe at least one claim of the Patent-in-Suit.

FILED UNDER SEAL

31.    The Patent-in-Suit is also infringed under 35 U.S.C. § 271(a) when an accused product is "used" by Defendant as an automatic animal door; the Patent-in-Suit is infringed under 35 U.S.C. § 271(b) when Defendants "induce" others to use the Accused Products as an automatic animal door.

32.    Upon information and belief, the Defendants have directly infringed one or more claims of the Patent-in-Suit under 35 U.S.C. § 271(a):

> (a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.

by engaging in accused activity including making, using, offering to sell, selling and importing Accused Products in the United States. Defendants continue to infringe claims of the Patent-in-Suit.

33.    Upon information and belief, Defendants have indirectly infringed one or more of the claims of the Patent-in-Suit under 35 U.S.C. § 271(b):

> (b) whoever actively induces infringement of a patent shall be liable as an infringer.

by providing Accused Products, with instructions, which are used as an automatic animal door, thereby inducing others to use the Accused Products.

34.    Defendants do not have a license or authority to import, make, use, or sell goods under the Patent-in-Suit.

35.    Plaintiff has marked its Products with notices of the Patent-in-Suit. Upon information and belief, Defendants have no good faith defense to Plaintiff's infringement allegations.

36.    As a result of Defendants' infringement of the Patent-in-Suit, Plaintiff has suffered

10

FILED UNDER SEAL

and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

37.     Defendants, without authorization or license from Plaintiff, continue to infringe the claims of the Patent-in-Suit in connection with the advertisement, offer for sale, and sale of the Accused Products, through, *inter alia*, the Internet. Each Infringing Webstore offers shipping to the United States, including Virginia, and, on information and belief, each Defendant has sold Accused Products into the United States, including Virginia. The Defendants are continuing to offer to sell and sell accused products via Amazon.com.

38.     Defendants have been willfully infringing the Patent-in-Suit since at least as early as they became aware of the Patent-in-Suit. On information and belief, the Defendants have no good faith defense to Plaintiff's infringement allegations and have refused to cease selling products or to engage in further attempts to reach a business resolution. Instead, Defendants have intentionally continued their knowing infringement.

39.     Many sellers on Amazon.com go to great lengths to conceal their true identities and often use multiple fictitious names and addresses to register and operate the Infringing Webstores. For example, on information and belief, Defendants regularly create new Webstores on the Amazon.com platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such registration patterns are one of many common tactics used by the Defendants to conceal their identities and the full scope and interworking of their operations and to prevent the Infringing Webstores from being disabled.

40.     Upon information and belief, Defendants will continue to register or acquire listings for the purpose of selling Accused Products that infringe upon the Patent-in-Suit unless preliminarily and permanently enjoined.

11

FILED UNDER SEAL

41.     Plaintiff has no adequate remedy at law.

## COUNT 1
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 12,082,559

42.     The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

43.     Defendants have infringed, and continue to directly infringe, claims 1-18 of the '559 Patent under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Accused Products in the United States.

44.     Neither Defendants nor their customers have a license or authority to use the '559 Patent.

45.     As a result of Defendants' infringement of the '559 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

46.     Defendants will continue to register or acquire listings for the purpose of selling Accused Products that infringe upon the '559 Patent unless preliminarily and permanently enjoined.

47.     The Defendants have infringed the '559 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct have caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

48.     Defendants' infringement of the '559 Patent has been willful under 35 U.S.C. § 284.

FILED UNDER SEAL

## COUNT II
## INDIRECT INDUCED INFRINGEMENT OF U.S. PATENT NO. 12,082,559

49.    The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

50.    Defendants have indirectly infringed claims 1-18 of the '559 Patent under 35 U.S.C. § 271(b), by providing Accused Products, with instructions, which are used to contain liquid in a foldable container, thereby inducing others to use the Accused Products in an infringing manner.

51.    Neither Defendants nor their customers have a license or authority to use the '559 Patent.

52.    As a result of Defendants' infringement of the '559 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

53.    Defendants will continue to register or acquire listings for the purpose of selling Accused Products that infringe upon the '559 Patent unless preliminarily and permanently enjoined.

54.    The Defendants have infringed the '559 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct have caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

55.    Defendants' infringement of the '559 Patent has been willful under 35 U.S.C. § 284.

## COUNT III
## INDIRECT CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO. 12,082,559

FILED UNDER SEAL

56.     The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

57.     Defendants have indirectly infringed claims 1-18 of the '559 Patent under 35 U.S.C. § 271(c), by providing Accused Products, and components and supplies, which are used as components of infringing devices which infringe the claims of the '559 Patent, thus contributing to the infringement of the '559 Patent.

58.     Neither Defendant nor their customers have a license or authority to use the '559 Patent.

59.     As a result of Defendants' infringement of the '559 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

60.     Defendants will continue to register or acquire listings for the purpose of selling Accused Products that infringe upon the '559 Patent unless preliminarily and permanently enjoined.

61.     The Defendants have infringed the '559 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct have caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

62.     Defendants' infringement of the '559 Patent has been willful under 35 U.S.C. § 284.

**PRAYER FOR RELIEF**

FILED UNDER SEAL

For a judgment declaring that Defendants have infringed the Patent-in-Suit;

For a judgment declaring that Defendants' infringement of the Patent-in-Suit has been willful;

For a grant of a preliminary and permanent injunction pursuant to 35 U.S.C. §283, enjoining the Defendant from further acts of infringement;

For a judgment awarding Plaintiff compensatory damages as a result of Defendants' infringement sufficient to reasonably and entirely compensate Plaintiff for infringement of the Patent-in-Suit in an amount to be determined at trial;

For a judgment and order awarding a compulsory ongoing royalty;

For a judgment declaring that Defendant's infringement was willful and for enhancement of damages in accordance with 35 U.S.C. § 284;

That Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

using the claims of the Patent-in-Suit in connection with the distribution, advertising, offer for sale, and/or sale of merchandise not the genuine products of the Plaintiff;

committing any acts calculated to cause consumers to believe that Defendants' Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

further infringing the Plaintiff's patent rights;

shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing, or disposing of in any manner products or inventory not manufactured by or for

FILED UNDER SEAL

## DEMAND FOR JURY TRIAL

Pursuant to the Federal Rules of Civil Procedure Rule 38(b), Plaintiff hereby demands trial by jury as to all claims in this litigation.

Date: January 21, 2025

Respectfully submitted,

_/s/  Erik N. Lund_____
Erik N. Lund
elund@dnlzito.com
Joseph J. Zito (*pro hac pending*)
jzito@dnlzito.com
Tel. (202) 466-3500
DNL ZITO
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Fax: (703) 997-7534

*Attorneys for Plaintiff*

Verified by:  ___XIONG LI_____

Xiong Li, Inventor and Owner
of the '599 Patent