FILED UNDER SEAL

FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

2025 JAN 21 P 3: 33

| |
|---|
| **XIONG LI,** |
| **Plaintiff,** |
| v. |
| **THE UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A,** |
| **Defendants.** |

Civil Action No. ~~1:24-CV-~~ 3:25-CV-47-DJN

## PLAINTIFF'S MOTION FOR LIMITED EXPEDITED DISCOVERY

Plaintiff Xiong Li, by its undersigned counsel and pursuant to Federal Rule of Civil Procedure 26(d) does hereby motion for this Court to permit Plaintiff to conduct expedited third-party discovery in the interests of justice.

This Court should permit Plaintiff to conduct limited expedited third-party discovery regarding each of Defendants' identities, sales information, and the location and value of each of Defendants' financial accounts as it relates to their activities on Amazon.com. Courts have "broad discretion" to supervise discovery. *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396 (4th Cir. 2014). This latitude includes the ability to permit discovery to commence prior to a Rule 26(f) conference. *See* Fed. R. Civ. P. 26(d)(1) (allowing a party to conduct discovery without a Rule 26(f) conference if ordered by the court).

Under Rule 65(d)(2), this Court has the authority to bind not only each of Defendants, but "those persons in active concert or participation with" them. *See* Fed. R. Civ. P. 65(d)(2). The

1

FILED UNDER SEAL

relief provided under Rule 65(d)(2) extends to financial institutions conducting business with a defendant. *See Volkswagen Group of America, Inc. v. Unincorporated Ass'ns*, No. 1:19-cv-01574 (E.D. Va. Dec. 20, 2019), ECF No. 21 (granting a TRO directing third-party payment processors, such as PayPal and Alipay to freeze all funds involving defendants' accounts).

This Court has regularly permitted expedited discovery in the interest of justice to allow Plaintiff to identify John Doe defendants under Federal Rule of Civil Procedure 26(d)(1). *See Id.* (granting expedited discovery). The Fourth Circuit has not articulated a specific standard for analyzing motions requesting early discovery, but courts in this circuit and around the country have applied a "reasonableness" test that asks whether the plaintiff has shown good cause for expedited discovery. *See, e.g., Chryso, Inc. v. Innovative Concrete Solutions of the Carolinas, LLC*, No. 5:15-CV-115, 2015 WL 12600175, at *3 (E.D.N.C. June 30, 2015) ("apply[ing] the reasonableness-based test when a party seeks to conduct discovery prior to the Rule 26(f) conference in order to prepare for a preliminary injunction hearing").

Courts routinely find good cause to grant expedited discovery to enable Plaintiff to identify John Doe defendants in trademark and copyright infringement cases. *See e.g., Volkswagen Group of America, Inc. v. Unincorporated Ass'ns*, No. 1:19-cv-01574 (E.D. Va. Dec. 20, 2019), ECF No. 21 (granting expedited discovery). Such expedited discovery is necessary to permit Plaintiff to identify the proper defendant(s), protect their rights, and obtain relief. *See Hard Drive Prods.*, 2011 WL 2634166, at *2.

Accordingly, Plaintiff requests that the Court grant it permission to conduct limited expedited third-party discovery directed to Amazon.com for the purpose of seeking to identify Defendants and the scope of each Defendants' activities giving rise to this action. As stated in Plaintiff's Memorandum in Support of Motion for Leave to File Under Seal Documents for Good

FILED UNDER SEAL

Cause, Plaintiff will suffer irreparable harm if Defendants receive notice that their assets are at risk and are able to transfer monies from their accounts prior to resolution of Plaintiff's asserted patent infringement against Defendants. This circumstance has occurred in previous cases and will likely continue without the granting of this motion for expedited discovery. *Thousand Oaks Barrel Co LLC v. The Partnerships, etc.*, Civ. Action No. 1:23-cv-1563 (E.D. Va. Nov. 16, 2023)[1].

In the interest of justice and pursuant to Federal Rule of Procedure 26(d), Plaintiff requests that this Court grant its motion for limited expedited discovery to allow Plaintiff to quickly identify Defendants' identities, sales information, and the location and value of each of Defendants' financial accounts on Amazon.com and ensure asserted damages for remedy of the infringement asserted in Plaintiff's complaint remain seized until resolution of this suit.

Date: January 21, 2025

Respectfully submitted,

　　/s/　Erik N. Lund
Erik N. Lund (VSB No. 95877)
elund@dnlzito.com
Tel: 703-261-9084
Joseph J. Zito (*pro hac pending*)
jzito@dnlzito.com
Tel. (202) 466-3500
DNL ZITO
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Fax: (703) 997-7534
*Attorneys for Plaintiff*

---

[1] In this case DNL Zito attorney, Mr. Ken Sheets, found that a number of Amazon seller accounts who had sold over $100,000.00 of goods had removed nearly all monies made through the course of infringement within the three and a half weeks between the date of filing the complaint and executed seizure of accounts.

3