IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

XIONG LI,
     Plaintiff,

v.
                                     Civil No. 3:25cv47 (DJN)

THE UNINCORPORATED ASSOCIATIONS
IDENTIFIED IN SCHEDULE A,
     Defendants.

## MEMORANDUM ORDER
### (Unsealing Filings; Granting in Part Temporary Restraining Order; Granting Motion for Service by Email; Granting in Part Expedited Discovery)

This matter comes before the Court following a hearing on Plaintiff Xiong Li's ("Plaintiff") *Ex Parte* Motion for Entry of a Temporary Restraining Order and Asset Restraining Order (ECF No. 5), Motion for Service of Process by Email (ECF No. 7), and Motion for Limited Expedited Discovery (ECF No. 9). The Court heard oral argument on these motions during a hearing on February 6, 2025. For the reasons stated during the February 6, 2025 hearing and set forth herein, the Court hereby GRANTS IN PART and DENIES IN PART Plaintiff's Motion for Entry of a Temporary Restraining Order and Asset Restraining Order (ECF No. 5), GRANTS Plaintiff's Motion for Service of Process by Email (ECF No. 7), and GRANTS IN PART and DENIES IN PART Plaintiff's Motion for Limited Expedited Discovery (ECF No. 9).

## I.    UNSEALING COURT FILINGS

On January 27, 2025, the Court granted in part Plaintiff's Motion for Leave to File under Seal (ECF No. 1). As a result, the Court temporarily sealed this case's docket — with the

exception of the case caption — through the February 6, 2025 hearing. During the hearing, Plaintiff moved the Court to maintain this case under seal. The Court denied that request and thus UNSEALS the docket and all filings in this case.

The Fourth Circuit has held that "the press and public enjoy a First Amendment right of access to newly filed civil complaints." *Courthouse News Serv. v. Schaefer*, 2 F.4th 318, 328 (4th Cir. 2021). The Fourth Circuit has also recognized a right to access civil docket sheets. *Doe v. Pub. Citizen*, 749 F.3d 246, 268 (4th Cir. 2014). But that right of access "must yield to the supervisory power of the court to control its own records if 'the public's right of access is outweighed by competing interests.'" *Id.* at 886 (citing *In re Knight Publishing Co.*, 743 F.2d 231, 235 (4th Cir. 1984)).

The Court initially granted a temporary sealing of this case's docket, because Plaintiff asserted a competing interest that outweighed the public's First Amendment right of access. (ECF No. 13 at 2.) Specifically, Plaintiff represented that giving notice of this matter to Defendants would likely incentivize Defendants to move assets related to their alleged infringing activity outside the jurisdiction of this Court before a temporary restraining order hearing could occur. (ECF No. 6 at 8.) Now that the Court has conducted such a hearing, Plaintiff's competing interest no longer applies. Further, during the hearing, Plaintiff failed to identify any additional compelling reasons to maintain this case under seal. Finally, and most critically, the Court will not allow Plaintiff to litigate this case in secret. Thus, the Court hereby UNSEALS the entire docket and its filings.

## II.    *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER AND ASSET RESTRAINING ORDER

Plaintiff constitutes the exclusive owner of one product patent for automatic animal doors (U.S. Patent No. 12,082,559 B1 (the "'559 Patent")), (ECF No. 3-1 at 16).  Here, Plaintiff alleges that "Defendants are foreign-based entities that create webstores and product listings on Amazon.com for automatic animal doors all the while actually selling low-quality, unlicensed, infringing products packaged to unknowing consumers." (ECF No. 6 at 2.)  As a result, Plaintiff moves this Court to issue a temporary restraining order and asset restraining order to (1) enjoin Defendants from selling their alleged-infringing products on Amazon.com and (2) freeze accounts used in connection with Defendants' alleged-infringing activities.  (*Id.* at 7.)  The Court will first address the *ex parte* nature of Plaintiff's Motion, before moving to the merits of their request.

### A.    Proceeding *Ex Parte*

Federal Rule of Civil Procedure 65(b) sets forth the requirements for obtaining an *ex parte* temporary restraining order.  "The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

Here, Plaintiff meets the requirements set forth in Rule 65(b).  As to the first prong, Plaintiff alleged in their verified complaint that Defendants promote and sell infringing goods using Plaintiff's patent-in-suit through webstores on Amazon.com, resulting in irreparable injury to Plaintiff. (ECF No. 6 at 7.)  Further, Plaintiff's counsel, Erik Lund, certified in a sworn

3

declaration that Defendants were likely to take evasive action by shifting their Amazon assets if they were notified of this proceeding before it took place. (ECF No. 2-1 at 2–3.) As such, the Court finds that it proves warranted to proceed *ex parte* with Plaintiff's Motion.

**B.    Temporary Restraining Order and Asset Restraining Order**

"The standard for granting either a [temporary restraining order] or a preliminary injunction is the same." *Sarsour v. Trump*, 245 F. Supp. 3d 719, 728 (E.D. Va. 2017). "Like a preliminary injunction, a temporary restraining order is an 'extraordinary remed[y] involving the exercise of a very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola*, 245 F.3d 335, 339 (4th Cir. 2001). Accordingly, for the Court to grant a motion for a temporary restraining order, the moving party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Court will consider each requirement in turn.

First, to establish a likelihood to succeed on the merits, Plaintiff must show that (1) they will likely prove that the defendants infringed one or more claims of the patent-in-suit and (2) at least one of those same allegedly infringed claims will also likely withstand validity challenges presented by the defendants. *AstraZeneca LP v. Apotex, Inc.*, 633 F.3d 1042, 1050 (Fed. Cir. 2010). As an initial matter, Plaintiff's '559 Patent is presumptively valid under § 282 of the Patent Act of 1952. *Microsoft Corp. v. I4I Ltd. P'ship*, 564 U.S. 91, 131 (2011). As relevant here, Plaintiff's patent-in-suit protects a solar-powered, automatic chicken-coop door with a timer and light sensors. (ECF No. 3-1 at 16.) After inspecting Defendants' Amazon listings for automatic animal doors, the Court finds, based solely on the information provided by Plaintiff at

4

this point, it likely that Plaintiff will establish that Defendants infringed on their patent-in-suit. Further, Plaintiff did not allege, nor could the Court identify at this stage, validity challenges that the infringed claims will not be able to withstand. As a result, Plaintiff has demonstrated a likelihood of success on the merits of their patent infringement claim.

Next, Plaintiff established the likelihood of irreparable harm in the absence of preliminary relief, because Defendants' infringement of Plaintiff's patent-in-suit will likely continue, resulting in unquantifiable lost profits. (ECF No. 6 at 6.) Plaintiff further demonstrated irreparable harm by asserting that Defendants' continuing infringement threatens Plaintiff's goodwill with their customers, the reputation and exclusivity of their brand, and the ability to control the quality of their patented product. (*Id.*) Thus, Plaintiff has shown that they are likely to suffer irreparable harm without preliminary relief, causing this factor to weigh in Plaintiff's favor.

As to the third element, this Court has found that the balance of equities tips in the plaintiff's favor when the defendant stands accused of infringement. *Toolchex, Inc. v. Trainor*, 634 F. Supp. 2d 586, 593 (E.D. Va. 2008); *see also Helene Curtis Indus., Inc. v. Church & Dwight Co.*, 560 F.2d 1325, 1333 (7th Cir. 1977) (according "little" weight in evaluating the balance of hardships when a party infringes on another party's trademark); *My–T Fine Corp. v. Samuels*, 69 F.2d 76, 78 (1934) (prohibiting a party from deliberately infringing upon another party's trade dress does not give the usurping party "any standing to complain that his vested interests will be disturbed").). And while Plaintiff asserts that Defendants will not suffer any harm, (ECF No. 6 at 11), the Court does not agree. Defendants are likely to experience financial harm because of this Court's temporary restraining order. But such harm is outweighed by

5

Plaintiff's interest in protecting their patent-in-suit, which Plaintiff has established at this point. As a result, balancing the equities of the parties weighs in Plaintiff's favor.

Finally, Plaintiff asserts that the public interest would be served by granting their request for preliminary relief. In patent cases, "the focus of the district court's public interest analysis should be whether there exists some critical public interest that would be injured by the grant of preliminary relief." *EyeTicket Corp. v. Unisys Corp.*, 155 F. Supp. 2d 527, 550 (E.D. Va. 2001) (citation omitted). And here, the Court identifies none. Instead, the public has an interest in stopping infringing conduct. *See Synergistic Int'7, LLC v. Korman*, 470 F.3d 162,176 (4th Cir. 2006) (holding that there is a "public interest in making the infringing misconduct unprofitable."). As such, this factor weighs in Plaintiff's favor.

Because all four factors weigh in Plaintiff's favor, this Court GRANTS IN PART Plaintiff's Motion for Temporary Restraining Order and Asset Restraining Order (ECF No. 5). Thus, the Court issues a temporary restraining order enjoining both Defendants enumerated in Schedule A (ECF No. 15) and Amazon.com from continuing to sell products (*See* ECF Nos. 3-3, 3-4, 3-6, 3-7) that appear to infringe on Plaintiff's patent-in-suit, pending a preliminary injunction hearing. This temporary restraining order will last 14 days, and Plaintiff may serve this Order on Defendants and Amazon, but only after posting the surety discussed below. Further, the Court hereby SCHEDULES a preliminary injunction hearing on February 20, 2025, at 11:30 a.m. in Courtroom 6300 of the Richmond Courthouse.

However, the Court DENIES Plaintiff's Motion to the extent that it seeks to freeze Defendants' bank accounts. Plaintiff has failed to establish a need for this information to prevent infringement; instead, Plaintiff is presuming the ability to collect damages. Moreover, at this

6

point, the potential harm to Defendants is substantial if they are ultimately deemed not liable for infringement.

### C.      Security Bond Pursuant to Fed. R. Civ. P. 65(c)

Pursuant to Federal Rule of Civil Procedure 65(c), "[t]he court may issue a . . . temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65. As a result, the Court hereby ORDERS that Plaintiff give a security in the amount of $3,000 per Defendant, for a total of $183,000.[1] The Court further requires that Plaintiff post this security before they may serve the temporary restraining order on Amazon or Defendants. If Plaintiff elects not to post a security bond, this temporary restraining order shall be null and void. Should Plaintiff proceed on such a path, they must file a notice informing the Court of their election to do so.

### III.     MOTION FOR SERVICE OF PROCESS BY EMAIL

Plaintiff asserts that electronic service is appropriate in this case for the following reasons: (1) Defendants have not provided names and physical addresses in the public contact information on their Amazon storefronts; (2) Defendants appear to rely primarily on electronic communication to conduct their webstores; and (3) Defendants maintain their primary place of business in a foreign county. (ECF No. 7 at 1–2.) Federal Rule of Civil Procedure 4(f) authorizes service of process on individuals in a foreign country in one of three ways: "(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial

---

[1]      Plaintiff's counsel indicated during the February 6, 2025, hearing that there are 60 Defendants. Plaintiff's Revised Schedule A Defendants (ECF No. 15), however, notes 61 Defendants. Thus, the Court will require a $183,000 security bond.

7

Documents; (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice . . . or (3) by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f).

Ordinarily, the Hague Convention would govern service of process in this matter, since both the United States and China are signatories.[2] However, the Hague Convention contains an explicit exemption where the address of the foreign party to be served is unknown: "This Convention shall not apply where the address of the person to be served with the document is not known." 20 U.S.T. 361 (U.S.T.1969). Because Defendants' addresses are unknown to Plaintiff and this Court, the Hague Convention does not apply to this action.

As to the remaining two options, "Rule 4(f) does not denote any hierarchy or preference of one method of service over another." *Enovative Techs., LLC v. Leor*, 622 F. App'x 212, 214 (4th Cir. 2015) (citation omitted). Instead, the decision to order alternative service of process rests "within the sound discretion of the court." *WhosHere v. Orun*, 2014 WL 670817, at *2 (E.D. Va. Feb. 20, 2014). Thus, the Court may order a method of service upon Defendants pursuant to Rule 4(f), even if Plaintiff has not yet exhausted the other mechanisms of service, so long as the method complies with the requirements of constitutional due process and is not prohibited by international agreement. *Id.* at 3.

"In order to fulfill constitutional due process requirements under Rule 4(f)(3), a court must approve a method of service that is 'reasonably calculated under all the circumstances' to give notice to defendant." *Enovative Techs., LLC v. Leor*, 622 F. App'x 212, 214 (4th Cir. 2015)

---

[2] *HCCH Members*, HCCH, https://www.hcch.net/en/states/hcch-members (last visited Feb. 5, 2025).

(citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, (1950)). And courts have routinely found that electronic service of process, including email process, complies with these requirements when a plaintiff can demonstrate that the defendant will likely receive the email and thus notice of the suit. *See, e.g., DAG Ammo Corp. v. KM Trade d.o.o.*, WL 7933706, at *1 (E.D. Va. June 4, 2021) (holding that service of process by email was reasonably calculated to provide notice when the parties regularly engaged in electronic business communications); *Gmbh v. Ilnitskiy*, 2018 WL 1882823, at *2 (E.D. Va. Jan. 25, 2018) (affirming that service of process was reasonably calculated to give notice to defendant when plaintiff published court's order in two newspapers and sent order to defendant's eight previously used addresses); *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2012) (finding service by email proper, in part, because it constituted the method of service most likely to reach the defendant).

Here, Plaintiff alleges that "[d]espite not providing reliable physical contact information directly to consumers, the Defendants must generally utilize email so that they may communicate with consumers regarding issues related to the purchase and shipment of products." (ECF No. 7 at 2.) Further, Plaintiff states that "it is necessary for merchants who operate entirely online to maintain contact with the Webstore host to ensure they are functioning." (*Id.*) As a result, Plaintiff represents that service of process by email proves "far more likely" to reach Defendants than other service of process methods. (*Id.*) The Court agrees. Defendants conduct what appears to be extensive online businesses. To do so, Defendants must maintain methods for customers and online platforms where they sell their products (here, Amazon) to contact them. Thus, service of process to the email address that Defendants utilize to conduct their online business proves likely to provide notice to Defendants and therefore complies with the

9

requirements of constitutional due process. Further, the Court perceives no other international agreement between China and the United States that prohibits service by email. As a result, the Court hereby GRANTS Plaintiff's Motion for Service of Process by Email (ECF No. 7).

### III.    MOTION FOR LIMITED EXPEDITED DISCOVERY

Finally, Plaintiff moves this Court to conduct limited, expedited discovery. (ECF No. 9.) Specifically, Plaintiff seeks "to conduct expedited third-party discovery regarding each of Defendants' identities, sales information, and the location and value of each of Defendants' financial accounts as it relates to their activities on Amazon.com." (*Id.* at 1.) Plaintiff seeks this information to understand "the scope of each Defendants' activities giving rise to this action" and to "protect their rights[] and obtain relief." (*Id.* at 2.)

District courts have "broad discretion to supervise discovery." *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396 (4th Cir. 2014). And while Federal Rule of Civil Procedure 26 generally prohibits discovery before the parties have conducted a Rule 26(f) discovery conference, a court can order expedited discovery. Fed. R. Civ. P. 26(d)(1). Since the Supreme Court clarified the standard for preliminary injunctions in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008), district courts have applied differing standards when considering whether to order early discovery. *See Kia Motors Am., Inc v. Greenbrier GMC, Inc.*, 2020 WL 8970813, at *2 (E.D. Va. Dec. 11, 2020) (discussing the differing standards applied to motions for expedited discovery post-*Winter*). While some courts apply a "reasonableness" or "good cause" test, others, including the Eastern District of Virginia, apply a modified preliminary injunction test. *Compare Teamworks Innovations, Inc. v. Starbucks Corp.*, 2020 WL 406360, at *3 (M.D.N.C. 2020) (applying good cause standard to grant in part plaintiff's motion for expedited discovery), *with ForceX, Inc. v. Tech. Fusion, LLC*, 2011 WL 2560110, at *4–5

(E.D. Va. 2011) (finding the preliminary injunction standard most appropriate when considering an expedited discovery motion).

The good cause formulation considers "reasonableness or good cause, taking into account the totality of the circumstances." *Teamworks Innovations*, 2020 WL 406360, at *3 (citations omitted). Courts applying the good cause formulation consider factors such as: "(1) the procedural posture of the case; (2) whether the discovery at issue is narrowly tailored to obtain information that is probative to the preliminary injunction analysis; (3) whether the requesting party would be irreparably harmed by waiting until after the parties conduct their Rule 26(f) conference; and (4) whether the documents or information sought through discovery will be unavailable in the future or are subject to destruction." *Chryso, Inc. v. Innovative Concrete Sols. of the Carolinas, LLC*, 2015 WL 12600175, at *3 (E.D.N.C. 2015) (citations omitted). On the other hand, the modified preliminary injunction test looks to whether the Plaintiff has made "a strong showing of merits and irreparable harm to Plaintiff" in the absence of expedited discovery and proves justified by "the idea that granting court relief outside of the federal rules should be limited to unusual circumstances." *ForceX*, 2011 WL 2560110, at *4–5, 7.

In the absence of any guidance from the Fourth Circuit as to the proper test for expedited discovery in the wake of *Winter*, this Court finds that the preliminary injunction test creates a more demanding standard and thus aligns with the Supreme Court's emphasis that emergency relief should be granted in only unusual or extraordinary circumstances. *See Id.* at *5 (holding same); *Winter*, 555 U.S. at 22 (holding that preliminary relief constitutes an "extraordinary remedy").

Applying the modified preliminary injunction test to the case at bar, Plaintiff meets the requisite standard. First, as discussed at length above, Plaintiff has made a made a strong

11

showing on the merits of their patent infringement claim. Further, Plaintiff has also demonstrated that they are suffering irreparable harm to their patent and business profits in the absence of early discovery, because such discovery will allow them to determine the true names of the alleged infringers. Finally, allowing Plaintiff to conduct such limited expedited discovery proves justified due to the extraordinary circumstance that Plaintiff cannot readily determine Defendants' identifying information without such relief. As a result, the Court hereby GRANTS IN PART Plaintiff's Motion for Limited Expedited Discovery (ECF No. 9). Plaintiff may conduct limited, expedited third-party discovery with Amazon regarding the identity of Defendants and the identity of the bank accounts and Amazon accounts used by Defendants in connection with the sale of infringing products. However, the Court DENIES Plaintiff's Motion to the extent that it seeks to discover the values of Defendants' Amazon accounts or sales transaction records, because at this stage, Plaintiff lacks a strong interest in that information.

Let the Clerk file a copy of this Order electronically and notify all counsel of record.

It is so ORDERED.

/s/

David J. Novak
United States District Judge

Richmond, Virginia
Dated: February 7, 2025, at 8 35 a.m.
(time)

12