IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

XIONG LI,
        Plaintiff,

v.                                                          Civil No. 3:25cv47 (DJN)

THE UNINCORPORATED ASSOCIATIONS
IDENTIFIED IN SCHEDULE A,
        Defendants.

## MEMORANDUM ORDER
### (Denying Preliminary Injunction)

This matter comes before the Court following a hearing on Plaintiff Xiong Li's

("Plaintiff") Motion for Preliminary Injunction (ECF No. 22 ("Motion")).  For the reasons stated

during the February 26, 2025 hearing and set forth herein, the Court hereby DENIES Plaintiff's

Motion (ECF No. 22).

## I.    BACKGROUND

Plaintiff constitutes the exclusive owner of one product patent for automatic animal doors

(U.S. Patent No. 12,082,559 B1 (the "'559 Patent")).  (ECF No. 3-1 at 16.)  Plaintiff filed his

Complaint on January 21, 2025, alleging patent infringement against 85 Defendants.  (ECF No.

3; ECF No. 3-2.)  Plaintiff also filed four motions requesting:  (1) leave to file under seal, (ECF

No. 1); (2) an *ex parte* temporary restraining order against Defendants to freeze Defendants'

accounts and enjoin their alleged infringing activity, (ECF No. 5); (3) leave to conduct expedited

discovery, (ECF No. 9); and (4) to serve Defendants by e-mail, (ECF No. 7).  The Court initially

granted in part Plaintiff's Motion for Leave to File Under Seal and scheduled a hearing to resolve

Plaintiff's remaining motions.  (ECF No. 13.)

On February 6, 2025, the Court conducted a hearing on Plaintiff's motions. After oral argument, the Court granted in part Plaintiff's Motion for Entry of a Temporary Restraining Order and Asset Restraining Order, contingent upon Plaintiff posting a $183,000 security pursuant to Federal Rule of Civil Procedure 65(c). (ECF No. 19 at 4–7.) And while Plaintiff moved the Court to both enjoin Defendants' alleged infringing activity and restrain all accounts related to those sales, the Court found it proper to enjoin only Defendants' infringing activity. (*Id.* at 6.) Further, the Court granted Plaintiff's Motion for Service of Process by E-mail and granted in part Plaintiff's Motion for Limited Expedited Discovery. (*Id.* at 7–12.) Additionally, the Court unsealed the entire case. (*Id.* at 1–2.) Following the hearing, Plaintiff notified the Court that he declined to post the requisite security and thus would forego the temporary restraining order. (ECF No. 20.) As a result, the Court voided its issuance of the temporary restraining order. (ECF No. 21.)

Plaintiff then moved the Court for entry of a preliminary injunction, and the Court scheduled a hearing to address the instant Motion on February 26, 2025. (ECF No. 22.) Subsequently, Plaintiff issued summonses to Defendants, (ECF No. 26), which were returned executed to this Court, (ECF No. 28). As a result, Plaintiff states that all Defendants were given notice of the preliminary injunction hearing. (ECF No. 23 at 7.) Further, before the hearing, Plaintiff notified the Court that it would seek a preliminary injunction against 42 Defendants, as opposed to the original 85 Defendants. (ECF No. 29-1 at 2–4 (indicating that Plaintiff expected to resolve his claims against various Defendants).) On February 26, 2025, the Court conducted a hearing on Plaintiff's Motion for Preliminary Injunction (ECF No. 22). During the hearing, Plaintiff represented that he had settled with two additional Defendants, thus reducing the total

2

number of Defendants that he sought a preliminary injunction against to 40. No Defendants or counsel for Defendants appeared at the hearing.

## II.   ANALYSIS

As an initial matter, the Court notes that, during the preliminary injunction hearing, Plaintiff disagreed with the Court's evaluation of Plaintiff's requested relief. In his Motion, Plaintiff moved the Court to restrain "only those assets of Defendants that are the proceeds from sales of accused infringing products and only to the extent that those assets are held in an Amazon Account." (ECF No. 23 at 3.) But Plaintiff did not ask the Court to enjoin Defendants' alleged infringing activity. Yet during the hearing, Plaintiff disagreed, arguing that freezing Defendants' Amazon financial accounts is akin to ceasing their sales and thus the Motion did request that the Court enjoin Defendants' infringing activities.

A plain reading of Plaintiff's pleading illustrates that Plaintiff, in fact, only requested relief in the form of asset seizure, presumably in an ill attempt to secure additional damages. In one instance, Plaintiff asserts that he seeks an order restraining Defendants' Amazon financial accounts "without disturbing or curtailing the Defendants' ability to continue to sell products." (*Id.* at 3.) Plaintiff further states that he "limited the Preliminary Injunction [request] such that Defendants are not restrained from continuing sales," only that "such sales [would] be subject to damages at the conclusion of this action." (*Id.* at 4.) Finally, when discussing an appropriate security bond, Plaintiff asserted that Defendants would be "free to continue sales during the pendency of this matter." (*Id.* at 16.) Thus, despite Plaintiff's disagreement, the Court proceeds to resolve this Motion with the understanding that Plaintiff requests only that the Court restrain Defendants' Amazon financial accounts.

3

A preliminary injunction constitutes an "extraordinary remed[y] involving the exercise of a very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola*, 245 F.3d 335, 339 (4th Cir. 2001). Accordingly, a plaintiff seeking a preliminary injunction must establish: (1) "that he is likely to succeed on the merits," (2) "that he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "that the balance of equities tips in his favor," and (4) "that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). The Court addresses each requirement in turn.

## A.     Likelihood of Success on the Merits

First, Plaintiff established that he is likely to succeed on the merits of his patent infringement claim. To establish this likelihood, Plaintiff must show that (1) he will likely prove that the defendants infringed one or more claims of the patent-in-suit and (2) at least one of those same allegedly infringed claims will also likely withstand validity challenges presented by the defendants. *AstraZeneca LP v. Apotex, Inc.*, 633 F.3d 1042, 1050 (Fed. Cir. 2010). As an initial matter, the '559 Patent is presumptively valid under § 282 of the Patent Act of 1952. *Microsoft Corp. v. I4I Ltd. P'ship*, 564 U.S. 91, 131 (2011). As relevant here, Plaintiff's patent-in-suit protects a solar-powered, automatic chicken-coop door with a timer and light sensors. (ECF No. 3-1 at 16.) After inspecting Defendants' Amazon listings for automatic animal doors, the Court finds, based solely on the information provided by Plaintiff at this juncture, that Plaintiff will likely establish that Defendants infringed on his patent-in-suit. Further, Plaintiff did not allege, nor could the Court identify at this stage, validity challenges that the infringed claims will not be able to withstand. As a result, Plaintiff has demonstrated a likelihood of success on the merits of his patent infringement claim.

### B.   Irreparable Harm

Next, Plaintiff fails to establish the likelihood of irreparable harm in the absence of preliminary relief.  In his Motion, Plaintiff asserts that "Defendants' unauthorized use of the Patent-in-Suit has and continues to irreparably harm Plaintiff through loss of exclusivity, and loss of future sales, loss of market share, ability to raise capital for reinvestment and the ability to expand." (ECF No. 23 at 15.)  Yet, Plaintiff's failure to request that the Court enjoin Defendants' alleged infringing activity undermines this stated harm, because if Defendants can continue to sell infringing products, Plaintiff's irreparable harm will continue even if the Court grants the preliminary relief that Plaintiff seeks.  Further, Plaintiff argues that if the Court does not freeze Defendants' assets, "they almost certainly will seek to transfer their assets from any accounts in the United States, depriving Plaintiff of the ability to obtain an accounting or to otherwise obtain relief under 35 U.S.C. § 280 & 284." But during the hearing, Plaintiff's counsel acknowledged that Defendants' accounts were "likely already drained," rendering this asserted irreparable harm moot.  As a result, Plaintiff cannot demonstrate a likelihood of suffering "irreparable harm in the absence of preliminary relief." *Winter*, 555 U.S. at 20.

### C.   Balance of Equities

Plaintiff also fails to demonstrate that the balance of equities tips in his favor.  In his Motion, Plaintiff asserts that the equities are in his favor, because "[t]he inconvenience to Defendants to be temporarily deprived access to ill-gotten gains does not balance against allowing those damages to be moved out of the reach of Plaintiff." (ECF No. 23 at 16.)  But as stated during the hearing and in Plaintiff's Motion, "monetary damages [will] . . . likely [be] unavailable at the conclusion of this action, to compensate Plaintiff for Defendants' infringement." (*Id.* at 3.)  Because freezing Defendants' Amazon financial accounts will not

make Plaintiff whole, it proves unclear how the equities balance in Plaintiff's favor. Instead, it appears that Plaintiff seeks only to increase the amount of available damages. (*Id.* at 4.) Such tactical maneuvering by Plaintiff does not tip the equities in his favor.

### D.    Public Interest

Finally, Plaintiff fails to establish that there exists a public interest in restraining Plaintiff's Amazon financial accounts. Plaintiff argues that there is a "public interest in making the infringing misconduct unprofitable." (*Id.* at 17 (citing *Synergistic Int'l, LLC v. Korman*, 470 F.3d 162, 176 (4th Cir. 2006)).) And the Court agrees. (ECF No. 19 at 6.) But here, Plaintiff does not seek to end Defendants' alleged infringing activity. Instead, Plaintiff requests only that the Court restrain Defendants' Amazon financial accounts. And there is no public interest in Defendants' Amazon accounts. Consequently, Plaintiff fails to establish a public interest in granting this preliminary injunction.[1]

### IV.    CONCLUSION

In sum, the Court finds Plaintiff failed to establish that he proves likely to suffer irreparable harm without injunctive relief, that the balance of equities tip in his favor or that there is a public interest in granting preliminary relief. Accordingly, the Court hereby DENIES

---

[1]    Courts may issue a preliminary injunction "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). While the Court declines to issue a preliminary injunction in this matter, it notes that Plaintiff's counsel indicated during the hearing that Plaintiff would, again, not post a bond of $3,000 per Defendant.

Plaintiff's Motion for Preliminary Injunction (ECF No. 22).

Let the Clerk file a copy of this Order electronically and notify all counsel of record.

It is so ORDERED.

_____/s/_____

David J. Novak
United States District Judge

Richmond, Virginia
Dated: February 27, 2025

7